IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PETER KOVALCHICK, | : | Chapter 11 |
| Debtor | : | |
| | : | Main Case No. 5:01-bk-03870 |
| | : | |
| PETER KOVALCHICK, | : | |
| Plaintiff | : | Adversary No. 5:06-ap-50006 |
| | : | |
| Indispensable and Necessary Parties | : | |
| | : | |
| CYRUS P. DOLBIN, JUDGE OF | : | |
| SCHUYLKILL COUNTY COURT | : | |
| OF COMMON PLEAS | : | |
| | : | |
| JOHN J. THOMAS, CHIEF JUDGE OF | : | |
| BANKRUPTCY COURT, MIDDLE | : | |
| DISTRICT OF PENNSYLVANIA | : | |
| | : | |
| v. | : | |
| | : | |
| R/S FINANCIAL CORP., ROBERT J. | : | |
| ROSENSTEIN, MIRIAM SMALLS, | : | |
| RICHARD A. SPRAGUE, SPRAGUE & | : | |
| SPRAGUE, CHARLES J. HARDY, AND | : | |
| THOMAS GROSHENS, | : | |
| Defendants | : | |

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PETER KOVALCHICK, | : | Chapter 11 |
| Debtor | : | |
| | : | Main Case No. (NONE) |
| | : | |
| PETER KOVALCHICK, | : | |
| Plaintiff | : | Adversary No. 06-2008 REF |
| | : | |
| Indispensable and Necessary Parties | : | |
| | : | |
| CYRUS P. DOLBIN, JUDGE OF | : | |

1

SCHUYLKILL COUNTY COURT          :
OF COMMON PLEAS                  :
                                 :
JOHN J. THOMAS, CHIEF JUDGE OF   :
BANKRUPTCY COURT, MIDDLE         :
DISTRICT OF PENNSYLVANIA         :
                                 :
            v.                   :
                                 :
R/S FINANCIAL CORP., ROBERT J.   :
ROSENSTEIN, MIRIAM SMALLS,       :
RICHARD A. SPRAGUE, SPRAGUE &    :
SPRAGUE, CHARLES J. HARDY, AND   :
THOMAS GROSHENS,                 :
            Defendants           :

_____

MEMORANDUM OPINION

Background

This matter arose for this Court through the Designation of Bankruptcy Judge for Service

in Another District within the Circuit (the "Designation"), dated March 6, 2006, by Third Circuit

Court of Appeals Chief Judge Anthony J. Scirica.  In the Designation, Chief Judge Scirica

designated and assigned me to this proceeding for such time as is necessary for the disposition of

the above-captioned matter.  This case was then pending in the United States Bankruptcy Court

for the Middle District of Pennsylvania under the main Bankruptcy Docket Number 01-03870,

Adversary Proceeding Number 5:06-ap-50006 (the "MD PA Docket"), and Judge Scirica's

Designation was captioned as a Middle District case.  On March 8, 2006, the Clerk's Office in

Middle District closed the case and the docket.  The Clerk's Office in Eastern District then

opened a new adversary proceeding docket within this District under Adversary Proceeding

Docket Number 06-02008-ref (the "ED PA Docket").

On March 9, 2006, Plaintiff, Peter Kovalchick ("Plaintiff"), who is appearing pro se in

this matter, filed his Motion for the Recusal/Disqualification of Richard E. Fehling, Bankruptcy

Judge (the "Recusal Motion"), which is based on three principal issues.  The Recusal Motion

was filed in the Eastern District of Pennsylvania in the ED PA Docket.  Plaintiff makes only a

limited reference to any matter that might remotely cause some conflict for me personally.  Most

of Plaintiff's allegations of conflicting circumstances refer to another attorney at my former law

firm, Stevens & Lee, and matters in which I was not involved.  I note that Plaintiff has filed other

documents with the Eastern District Clerk, although he has used a mixed caption, including part

of the MD PA Docket number and part of the ED PA Docket number.  I will address the issue of

venue, designation, use of the MD PA Docket, and use of the ED PA Docket below.

Analysis of the Recusal Motion must start with a brief review of the underlying matter

that was the subject of the Designation.  Very briefly, it appears from Plaintiff's Complaint for

Injunction (the "Complaint")[1] that Plaintiff's difficulties began nearly 24 years ago[2] when R/S

Financial Corporation, through its agents, employees, and officers (collectively, "R/S")

---

[1]  Although captioned and styled in the beginning as a Complaint for Injunction, the
Complaint includes seven counts, only one of which seeks injunctive relief.  The other six counts
assert various and sundry causes of action against R/S and Sprague, each count seeking
compensatory and punitive damages.

[2]  As Pennsylvania State Supreme Court Justice Ronald D. Castille remarked in one of
the numerous court decisions arising out of this dispute: "This matter has a long and tortured
history in the courts of this Commonwealth and in the federal bankruptcy courts over the past
sixteen years."  R/S Financial Corporation v. Kovalchick, et al, page 1, No. J-18-1998, No. 64
M.D. Appeal Docket 1997 (Pa. August 19, 1998).  Nearly eight more years have passed, adding
to the long and tortured history.

successfully obtained a judgment in the Court of Common Pleas for Schuylkill County,

Pennsylvania, against Plaintiff's parents in excess of One Million Dollars (the "Judgment").[3]

R/S was represented then and continues to be represented by the law firm Sprague & Sprague

through individual attorneys in that law firm (collectively, "Sprague").   R/S, through its counsel

Sprague, has proceeded since 1982 with various actions in Schuylkill County state court to

attempt to collect on their judgment, including an action against Plaintiff and his wife and

siblings, aiming to collect the debt from some property transferred to Plaintiff and his wife by

Plaintiff's parents.   Judge Cyrus P. Dolbin ("Judge Dolbin") presided over most (if not all) of the

Schuylkill County litigation of R/S against Kovalchick.  Judge Dolbin is identified in many of

Plaintiff's allegations as the judge in Schuylkill County who heard the R/S – Kovalchick matters

and is included as an involuntary indispensable party plaintiff in this proceeding.

Because Plaintiff was continually unsuccessful in his efforts to resist the R/S collection

efforts, he (and other members of his family) periodically filed for protection pursuant to the

United States Bankruptcy Code (the "Code") and, most recently, his pending Chapter 11 is open

before United States Bankruptcy Judge John J. Thomas ("Judge Thomas").   In the course of

Plaintiff's bankruptcy proceeding, Judge Thomas granted R/S relief from the automatic stay of

Section 362 of the Code, permitting R/S, still represented by Sprague, to return to Schuylkill

County court for its collection efforts.   Also over the past few months, Plaintiff has been the

subject of a certain criminal complaint alleged to have been initiated by R/S.

---

[3]According to the allegations in the Plaintiff's complaint herein, the amount of the judgment, entered on May 22, 1982, after a jury trial, was $1,436,489.49.  Through an appeal to the Pennsylvania Superior Court, the Plaintiff alleges, the principal amount of the judgment was reduced to $1,004,831.65 in 1985.

Plaintiff filed this adversary proceeding in the Middle District of Pennsylvania

Bankruptcy Court against R/S and Sprague and joined Judge Dolbin as an indispensable party.

Judge Thomas was also included as an involuntary indispensable party to the litigation, he

recused himself, and the Designation of this case was made to me.[4]

<u>Recusal Allegations</u>

At no time, in any of the numerous allegations in the Complaint or in the Recusal

Motion, does Plaintiff make any allegation in any way that Stevens & Lee or I had anything to

do with the collection efforts of R/S or of any other facet of Plaintiff's litigation or bankruptcy

proceedings.

Plaintiff's three stated bases for seeking my recusal follow: (1.)  Stevens & Lee, my

former law firm, has an attorney in an Of Counsel position, Alvin Lewis, Esquire, who is a

former partner in the Sprague law firm; (2.) Stevens & Lee and the Sprague firm were both

involved in certain disputes in Lancaster County relating to its proposed convention center and

the firms' names have appeared in news article together; and (3.) I have appeared in at least one

identified bankruptcy seminar and conference in the Middle District of Pennsylvania as a

lecturer.

Plaintiff's specific allegations in the Recusal Motion relating to me follow, with my

comment when appropriate:

Paragraph 11.  The Third Circuit Court appointed me to hear this matter.  This is correct.

Paragraph 12.  Plaintiff investigated my background.  This appears evident by Plaintiff's

---

[4]The other United States Bankruptcy Judge in the Middle District of Pennsylvania, Judge
Mary D. France, recused herself from this matter because she had been counsel for the United
States Trustee in the underlying main bankruptcy case prior to her taking the bench in 2002.

exhibits.

Paragraph 16.  Plaintiff received notice on March 8, 2006, that I had been assigned to hear this matter.  This cannot be contradicted.

Paragraph 18.  I was an attorney with Stevens & Lee.  This is correct.

Paragraph 19.  Alvin Lewis, Esquire, is Of Counsel to Stevens & Lee.  This is correct, although I do not recall when attorney Lewis first joined Stevens & Lee.  Attorney Lewis' office has been located in Stevens & Lee's Lancaster office since joining the firm and my office has been located in the firm's Reading office during my entire tenure at Stevens & Lee.  I mention this not to indicate that attorneys in Stevens & Lee's various offices do not communicate, but merely to show that attorney Lewis and I had no daily discourse or interaction.

Paragraph 20.  "Alvin Lewis, Esq., is also a partner to Richard A. Sprague, Esq., in Lancaster, PA."  I quote this statement of Plaintiff because of the implication, through the use of the present tense, that attorney Lewis, while an attorney at Stevens & Lee is or was, at the same time, also a partner with another lawyer or law firm in Lancaster, in particular, with the Sprague firm.  This is not correct.  I do understand, however, that attorney Lewis had been associated in some way with Sprague prior to attorney Lewis joining Stevens & Lee.

Paragraph 21.  Stevens & Lee and Sprague are "embroiled in controversies" in Lancaster County relating to its proposed convention center and are mentioned together in a "news article."  Plaintiff is correct that both law firms were involved in certain litigation relating to Lancaster County's disputes about its proposed convention center, although neither firm has represented or currently represents the other.  Personally, I had very little, if any, involvement in that litigation.  I also note that the "news article" to which Plaintiff refers appears to be a web-log of unknown

distinction, origin, or agenda.

Paragraph 22 (part one).  Some time in the past (apparently when attorney Lewis was associated with Sprague), attorneys Lewis and Sprague worked together in some litigation in which they are claimed to have used political power to bring in a judge from the Ninth Circuit to hear by designation with the Third Circuit Court an appeal of the litigation.  Although I am aware of the referenced litigation, I had not been aware that attorney Lewis was involved in the matter and I am not aware of any such issues relating to the constitution of the Third Circuit panel of judges.  Furthermore, at the time of his alleged involvement in that litigation, I believe that attorney Lewis was not affiliated with Stevens & Lee.  Once again, Plaintiff relies on a web-log of unknown pedigree for this information.

Paragraph 22 (part two).  Attorneys Lewis and Sprague were on the House Select Committee on Assassinations and worked together there.  Plaintiff quotes another web-log "source" as reporting their "clouding the investigation of both John F. Kennedy's assassination and Martin Luther King, Jr.'s assassination."  I was aware that attorney Lewis served on such Committee, but I have seen or heard nothing other than limited conspiracy theories to indicate any "clouding," which would be irrelevant to this matter in any event.

Paragraph 23.  In a Stevens & Lee news article, I am mentioned as having lectured at a bankruptcy seminar in the Middle District of Pennsylvania.  This is correct.

Paragraph 24.  I have a history of being involved, whether personally, through Stevens & Lee, or through lecturing with most of the defendants in this matter.  Plaintiff is correct that I have participated in continuing legal education programs in the Middle District of Pennsylvania. Plaintiff may also be correct about some prior relationship between attorney Lewis and the

Sprague firm, but that does not affect or relate to me.  Plaintiff is correct that Stevens & Lee and

Sprague were both involved in certain Lancaster County convention center matter, but that also

does not affect or relate to me

Paragraph 25.  The Plaintiff's allegations, he claims, show an improper appearance.  I

disagree - no impropriety arises or appears from the matters to which Plaintiff refers as I will

discuss below.

Paragraph 29.  Plaintiff finds it "inconceivable and too coincidental" that I should not fall

within certain descriptions under Title 28 U.S.C. Section 455 of what justifies or requires

recusal.  Again, I disagree and will discuss below.

<u>Discussion of 28 U.S.C. Section 455</u>

Federal Rule of Bankruptcy Procedure, Rule 5004[5], states that a bankruptcy judge shall

be governed by 28 U.S.C. Section 455 in matters of disqualification.  Section 455 sets forth the

---

[5]Federal Rule of Bankruptcy Procedure, Rule 5004 states:

(a) Disqualification of judge

A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from
presiding over the proceeding or contested matter in which the disqualifying
circumstances  arises or, if appropriate, shall be disqualified from presiding over
the case.

(b) Disqualification of judge from allowing compensation

A bankruptcy judge shall be disqualified from allowing compensation to a person
who is a relative of the bankruptcy judge or with whom the judge is so connected
as to render it improper for the judge to authorize such compensation.

8

statutory requirements for the recusal of a United States Judge from hearing certain litigation.[6]

---

[6]28 U.S.C. § 455 provides:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

        (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

        (ii) Is acting as a lawyer in the proceeding;

        (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

        (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

As a United States Judge, I am also guided by the Code of Conduct for United States Judges, although the Code of Conduct neither expands upon nor extends the statutory

Plaintiff relies upon two different provisions within Section 455.  First, Section 455(a) provides:

"Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding

in which his impartiality might reasonably be questioned."  Second, Section 455(b)(1) provides:

"He shall also disqualify himself in the following circumstances: Where he has a personal bias or

prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

proceeding . . . ."

"To invoke these provisions of Section 455, there must be a factual and reasonable basis

to question the court's impartiality."  United States v. Martorano, Crim. No. 82-11, 1987 WL

13677, at *3 (E.D. Pa. July 13, 1987).  Furthermore, application of § 455 involves a two-step

analysis:

> First, a charge of partiality must be supported by a factual basis.  Although public
> confidence may be as much shaken by publicized inferences of bias that are false
> as by those that are true, a judge considering whether to disqualify himself must
> ignore rumors, innuendos, and erroneous information published as fact in the
> newspapers.  To find otherwise would allow an irresponsible, vindictive or
> self-interested press informant and/or an irresponsible, misinformed or careless
> reporter to control the choice of judge.  Second, disqualification is appropriate
> only if the facts provide what an objective, knowledgeable member of the public
> would find to be a reasonable basis for doubting the judge's impartiality.  Were
> less required, a judge could abdicate in difficult cases at the mere sound of
> controversy or a litigant could avoid adverse decisions by alleging the slightest of
> factual bases for bias.  See H. Rep. No. 1453, 1974 U.S. Code Cong. &
> Admin.News, supra, at 6355.  This restricted mandate to disqualify is calculated
> to induce a judge to tread the narrow path between timidity and tenacity.

In re United States, 666 F.2d 690, 695 (1st Cir. 1981) (footnote and citations omitted).

Therefore, application of subsections 455(a) and (b)(1) involve a determination of bias

from the objective perspective of a reasonable person rather than from the perspective of the

_____

prohibitions of Section 455.

movant.  E.g., Martorano, 1987 WL 13677, at *3; Barna v. Haas (In re Haas), 292 B.R. 167, 177

(Bankr. S.D. Ohio 2003).  "[T]he judge need not recuse himself based on the 'subjective view of

a party' no matter how strongly that view is held."  United States v. Sammons, 918 F.2d 592,

599 (6th Cir. 1990).  Moreover, a judge "has a duty not to recuse if disqualification is not

appropriate."  Martorano, 1987 WL 13677, at *3; accord, e.g., United States v. Brant, Crim. A.

Nos. 89-111, 89-112, 1995 WL 118214, at *1 (E.D. Pa. March 10, 1995); In re Womack, 253

B.R. 245, 246 (Bankr. E.D. Ark. 2000).  Although the language of Section 455 is clear, the

legislative history relating to its enactment provides further interpretative assistance:

> No judge, of course, has a duty to sit where his impartiality might be reasonably
> questioned.  However, the new test should not be used by judges to avoid sitting
> on difficult or controversial cases.
>
> At the same time, in assessing the reasonableness of a challenge to his
> impartiality, each judge must be alert to avoid the possibility that those who
> would question his impartiality are in fact seeking to avoid the consequences of
> his expected adverse decision.  Disqualification for a lack of impartiality must
> have a reasonable basis.  Nothing in this proposed legislation should be read to
> warrant the transformation of a litigant's fear that a judge may decide a question
> against him into a "reasonable fear" that the judge will not be impartial. Litigants
> ought not to have to face a judge where there is a reasonable question of
> impartiality, but they are not entitled to judges of their own choice.

H.R. Rep. No. 93-1453 (1974), reprinted in 1974 U.S.C.C.A.N. 6351, 6355.  "Courts must

exercise great care in considering motions for recusal so as to discourage their use for purposes

of judge shopping or delay."  Haas, 292 B.R. at 175.

Section 455 (b)(1) sets forth an explicit statement of circumstances that mandate recusal

of a judge.  A Seventh Circuit decision describes a working test for determining

recusal/disqualification as "whether a reasonable person would be convinced the judge was

biased."  Brokaw v Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000). The court further

explained that recusal "is required only if actual bias or prejudice is proved by compelling evidence." Id. In Easley v University of Michigan Board of Regents, 906 F.2d 1143 (6th Cir. 1990), a judge serving on a law school committee was not required to recuse himself from a discrimination suit against the law school because his position did not give him any knowledge of the events at issue in some discrimination litigation against the school.

Section 455(a), on the other hand, does not set forth specific instances in which I should recuse myself, as Section 455(b) prescribes. Sub-section (a) is more generalized and requires an objective view when considering recusal. The question for the judge is not whether the judge believes that he or she is biased, prejudiced, or impartial, but whether the judge's "impartiality might be reasonably questioned." In the Third Circuit, this reasonable person standard has been interpreted to mean: "[A] reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Blanche Road Corp. v. Bensalem Township, 57 F.3d 253, 266 (3d Cir. 1995) (quoting and relying upon prior Third Circuit decisions).

Other courts' decisions have gone on to refine the standard. The hypothetical reasonable person is not generally considered to be a judge because judges may have become inured to certain perceived conflicts that might genuinely offend lay persons. See United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998). The hypothetical observer, however, "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." Id. A judge is obliged to consider "how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." In re Mason, 916 F.2d 384, 386 (7th Cir. 1990).

Section 455(a) can be broken into thirteen bases for recusal, seven that are frequently

12

alleged but rarely require recusal and six in which recusal may be more likely to be granted.

Many of these thirteen bases do not apply at all to the Recusal Motion, but they will be

mentioned.  The seven types of allegations that do not generally warrant recusal have been

summarized as follows: (1.)  Rumor, speculation, beliefs, conclusions, innuendo, suspicions,

opinions, and similar non-factual matters; (2.) the judge's prior statements on a point of law or

policy; (3.) prior rulings in the same or a related proceeding; (4.) familiarity with the parties or

the legal theories presented; (5.) baseless personal attacks on the judge; (6.) reports in the media

about what the judge believes, says, or does; and (7.) threats or attempts to intimidate the judge.

Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).  Nothing in Plaintiff's Recusal Motion

appears to rely in any way on numbers (2.), (3.), (5.), (6.), or (7.) above; but numbers (1.)and (4.)

are at issue.

        When considering disqualifying reason (1.), a court shall not use the standard of

"Caesar's wife," which is the standard of mere suspicion.  The disqualification decision must

reflect not only the need to secure public confidence through apparently impartial proceedings,

but also the need to prevent parties from too easily obtaining the disqualification of a judge,

thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more

to their liking.  In re Allied-Signal, Inc., 891 F.2d 967, 970 (1st Cir. 1989) (Breyer, J.).  Judges

often cannot possibly avoid having some acquaintance with the parties or law firms that might

appear before them, which is the basis of disqualifying reason (4.).  Direct and personal social,

business, or other relationships and previous contacts with parties or counsel are generally

rejected as the basis for recusal.  See MacDraw, Inc., v. CIT Group Equip. Fin., Inc., 157 F.3d

956, 963 (2d Cir. 1998); United States v. Morrison, 153 F.3d 34, 47-49 (2d Cir. 1998).  These

disqualifying reasons will be examined below against the allegations in the Recusal Motion.

The six types of recusal allegations that get more traction with the courts are: (8.) Close personal or professional relationships with attorneys or others; (9.) public comments or outside activities; (10.) ex parte contacts; (11.) involvement pertaining to a guilty plea in criminal cases; (12.) the judge taking personal offense at something done or said by the parties or counsel; and (13.) miscellaneous allegations of some conflict that faces the judge personally and directly. Again, Plaintiff's Recusal Motion does not rely on numbers (9.), (10.), (11.), (12.), or (13.), but number (8.) is at issue.

As mentioned above, a judge's friendship with one or more of the attorneys, witnesses, or parties in a matter, which is disqualifying reason (8.), does not ordinarily require recusal.  When a judge's close personal friend, however, was a key witness in a proceeding, when the judge remarked that he would "bend over backwards to prove he lacked favoritism" toward the witness, and when an adverse decision might jeopardize the judge's wife's friendship with a party's wife, the judge should have recused himself.  United States v. Kelly, 888 F.2d 732, 744-47 (11th Cir. 1989).  The Eleventh Circuit Court also examined a matter in which a judge's law clerk's father (who had himself been a law clerk for the judge) was a partner in a law firm representing one of the parties before the judge and the law clerk had actually conducted a hearing with counsel in the judge's absence.  Parker v. Connors Steel Co., 855 F.2d 1510 (11th Cir. 1988).  Recusal might have appeared even more appropriate because the judge openly credited his law clerk in his written opinions.  But even with these close and overlapping personal and direct relationships, the Eleventh Circuit found the judge's failure to recuse himself to be harmless error in Parker.

14

In another such decision, the Seventh Circuit Court declared that friendships among judges and lawyers are common and a judge need not disqualify himself just because a friend, even a close friend, appears as a lawyer before the judge.  <u>United States v. Murphy</u>, 768 F.2d 1518, 1537 (7th Cir. 1985).  The court went on, however, to note that the judge should have recused himself in <u>Murphy</u> because the friendship between the judge and the attorney was particularly close and personal and their families were about to take a joint vacation.  <u>Id.</u> at 1538. The court nevertheless did not reverse the judge's decision not to recuse himself because the issue was raised too late.

<u>Application of Section 455 to the Recusal Motion Allegations</u>

The three categories of grounds for recusal discussed above under Section 455(a) obviously break down to two separate categories because disqualifying reasons (4.) and (8.) are effectively the same thing, varying only in the degree of the judge's familiarity and friendship with counsel or the parties.  For that matter, the other potentially relevant ground for recusal, disqualifying reason (1.) (rumor, speculation, belief, conclusions, innuendo, suspicions, opinions, and similar non-factual matters), to the extent it is extant here, is derived from the alleged relationships that I have or had, primarily through imputation, with the parties in this case.  I will therefore regard Plaintiff's entire objection as being based entirely upon prior relationships, whether mine personally or mine through imputation from my prior law firm.

First, I can find no cases that deal with the imputation of a conflict arising because a lawyer in my former law firm had previously been associated with the Sprague law firm, which is in this case both as a party and as counsel for themselves and the client they have represented throughout this litigation.  Similarly, I could find nothing requiring recusal because the

defendant Sprague law firm and my former law firm were both counsel involved in some

litigation in Lancaster County.

As discussed above, the decisions in MacDraw, 157 F.3d at 963, and Morrison, 153 F.3d

at 47-49, reject even direct and personal social or business relationships with parties or counsel

as the basis for recusal (whether positive or negative).  Furthermore, MacDraw and Morrison

speak to the judge's personal and direct prior and existing relationships, not the attenuated and

imputed nature of Plaintiff's allegations.  In Kelly, 888 F.2d at 744-47, and Parker, 855 F.2d

at1523-28, the court determined that the direct and personal nature of the judge's relationships

should have led to recusal (but even the Parker court found that the very close, personal

relationship, although possibly justifying recusal, was ultimately harmless error).

In considering my relationship with the Sprague defendants, the decision in Murphy, 768

F.2d at 1537, supports the principle that a judge should recuse himself only if the friendship

between the judge and the attorney was particularly close and personal (their families were about

to take a joint vacation).  Id. at 1538. Wholly lacking among Plaintiff's allegations, however, is

any suggestion about any close personal relationship whatsoever between me and the defendants.

I have not met any of the Sprague defendants and I have not had any relationship with them,

whether personal or professional.

That leaves the allegation, true as it is, that I appeared as a speaker on ethical issues in a

continuing legal education program sponsored by and for the Middle District of Pennsylvania

Bankruptcy Association.  Frankly, I have served as a speaker on bankruptcy, ethics, and

litigation in a number of programs conducted within the Middle District of Pennsylvania.

Plaintiff's suggestion that this activity somehow constitutes a basis for recusal is entirely

unsupported by any decision by any court and must be rejected.

As far as the particular elements of Section 455(b)(1) are concerned, nothing whatsoever has been advanced, whether by compelling evidence or otherwise, that might show actual bias or prejudice. Brokaw, 235 F.3d at 1025. I have no personal bias or prejudice concerning a party and I have no personal knowledge of any disputed evidentiary facts concerning the proceeding. No reasonable person could believe that I was prejudiced or biased one way or another.

In conclusion, I find that none of the ground's advanced by Plaintiff require me to disqualify or recuse myself from involvement in this proceeding. Beyond being required to recuse or disqualify myself, of course, is my ability and power to do so voluntarily. I emphasize here that it is not merely the absence of controlling cases or authority that convinces me not to recuse myself. On the face of the Recusal Motion, the request that I recuse myself without the slightest offering that I have personal or direct bias, prejudice, pre-disposition, inclinations, knowledge of the facts, or familiarity with the parties cannot be countenanced. I believe that any such decision to recuse myself, even voluntarily, based upon Plaintiff's allegations would be wholly inappropriate and improper.[7]    The Recusal Motion shall be denied.

### Venue & Docket

Judge Scirica's Designation, I believe, intended that I was designated by his special assignment to hear the above matter as a judge in the Middle District of Pennsylvania. This adversary proceeding, however, was closed in the MD PA Docket on March 8, 2006, and a new case was opened (without a corresponding "main" bankruptcy case) in the ED PA Docket, on

---

[7]As mentioned above, then Circuit Judge Breyer warned courts in Allied-Signal, 891 F.2d at 970, to be wary about recusal requests based upon mere suspicions.

that same date, upon the receipt of the files and records from the Middle District.  Whether

intentional or otherwise, these actions effected a change of venue from one District to another.

Again, I believe that this result was not intended and I find that venue of this adversary

proceeding remains in the Middle District for docketing and record-keeping purposes.

The parties have filed some matters with the Clerk's office in the Eastern District with

mixed MD PA Docket and ED PA Docket numbers, possibly causing additional confusion.  In

addition, a hearing has been scheduled on April 6, 2006, in this court on a motion to dismiss that

was filed in this District by the defendants.  No party will be jeopardized by the administrative

error regarding venue and my Order below will include transferring all documents filed in the

Eastern District to the Middle District, and recording them and re-docketing them in the MD PA

Docket as if they had been originally filed there.

To avoid further confusion and to make certain that all parties and I know where things

stand procedurally, I will cancel the April 6, 2006, hearing on the defendants' motion to dismiss

(and any other hearings that might have been set) and schedule a status conference for all parties

to meet with me to discuss all aspects of this matter.  An appropriate Order shall follow.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PETER KOVALCHICK, | : | Chapter 11 |
| Debtor | : | |
| | : | Main Case No. 5:01-bk-03870 |
| | : | |
| PETER KOVALCHICK, | : | |
| Plaintiff | : | Adversary No. 5:06-ap-50006 |
| | : | |
| Indispensable and Necessary Parties | : | |
| | : | |
| CYRUS P. DOLBIN, JUDGE OF | : | |
| SCHUYLKILL COUNTY COURT | : | |
| OF COMMON PLEAS | : | |
| | : | |
| JOHN J. THOMAS, CHIEF JUDGE OF | : | |
| BANKRUPTCY COURT, MIDDLE | : | |
| DISTRICT OF PENNSYLVANIA | : | |
| | : | |
| v. | : | |
| | : | |
| R/S FINANCIAL CORP., ROBERT J. | : | |
| ROSENSTEIN, MIRIAM SMALLS, | : | |
| RICHARD A. SPRAGUE, SPRAGUE & | : | |
| SPRAGUE, CHARLES J. HARDY, AND | : | |
| THOMAS GROSHENS, | : | |
| Defendants | : | |

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PETER KOVALCHICK, | : | Chapter 11 |
| Debtor | : | |
| | : | Main Case No. (NONE) |
| | : | |
| PETER KOVALCHICK, | : | |
| Plaintiff | : | Adversary No. 06-2008 REF |
| | : | |
| Indispensable and Necessary Parties | : | |
| | : | |
| CYRUS P. DOLBIN, JUDGE OF | : | |

1

SCHUYLKILL COUNTY COURT          :
OF COMMON PLEAS                  :
                                 :
JOHN J. THOMAS, CHIEF JUDGE OF   :
BANKRUPTCY COURT, MIDDLE         :
DISTRICT OF PENNSYLVANIA         :
                                 :
              v.                 :
                                 :
R/S FINANCIAL CORP., ROBERT J.   :
ROSENSTEIN, MIRIAM SMALLS,       :
RICHARD A. SPRAGUE, SPRAGUE &    :
SPRAGUE, CHARLES J. HARDY, AND   :
THOMAS GROSHENS,                 :
                  Defendants     :
_____

## ORDER

AND NOW, this 29th day of March, 2006, upon our consideration of the Plaintiff's

Motion for the Recusal/Disqualification of Richard E. Fehling, Bankruptcy Judge, as well as the

entire file in the above-captioned matter, IT IS HEREBY ORDERED, based upon the discussion

in the foregoing MEMORANDUM OPINION, that Plaintiff's Motion is denied.

IT IS FURTHER ORDERED that the venue in this matter properly remains in the United

States Bankruptcy Court for the Middle District of Pennsylvania.

IT IS FURTHER ORDERED that all documents filed in the Clerk's Office for the United

States Bankruptcy Court for the Eastern District of Pennsylvania shall be immediately

transferred to the Clerk's Office for the Bankruptcy Court in the Middle District of

Pennsylvania, specifically in the Wilkes-Barre Division; that the docket in the Middle District of

Pennsylvania be reopened; that all matters entered on the docket in the Eastern District of

Pennsylvania shall be re-entered in the docket of the Middle District of Pennsylvania, preserving

2

all dates of filing as entered in the Eastern District of Pennsylvania; and that the docket in the

Eastern District of Pennsylvania be closed.

IT IS FURTHER ORDERED that the hearing presently scheduled in the ED PA Docket

on defendants' motion to dismiss and any and all other hearings scheduled in either District are

hereby postponed indefinitely and the parties shall appear before me

> **On:**   **Wednesday, April 26, 2006**
> **At:**   **11:00 a.m.**
> **In:**   **Courtroom No. 1**
>           **Third Floor, The Madison**
>           **400 Washington St.**
>           **Reading, PA 19601**

for a status conference in this proceeding.

BY THE COURT

_____
Richard E. Fehling
United States Bankruptcy Judge